IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sammie Stroman, #242033, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 9:05-2882-PMD-GCK |
| vs. ) | **ORDER** |
| ) | |
| South Carolina Office of Appellate Defense;) | |
| Aileen P. Clare, Assistant Appellate ) | |
| Defender; and Daniel T. Stacey, Chief ) | |
| Attorney, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court upon Plaintiff Sammie Stroman's ("Stroman" or "Plaintiff") objections to the Magistrate Judge's recommendation that Plaintiff's claim be summarily dismissed pursuant to 28 U.S.C. § 1915A for failing to set forth a claim upon which relief may be granted. The record contains a report and recommendation of the United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). A party may object, in writing, to a R&R within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff has filed timely objections to the R&R.

**I. BACKGROUND**

Plaintiff filed this matter pursuant to 42 U.S.C. § 1983 against his appellate defender, Ms. Aileen Clare ("Ms. Clare"), the Chief Attorney for the Office of the Appellate Defense, Mr. Daniel Stacey ("Mr. Stacey"), and the South Carolina Office of Appellate Defense. He alleged that his habeas petition was dismissed as untimely due to Ms. Clare's ineffective assistance of counsel. He sought damages and asked that his direct appeal be reopened.

The Magistrate Judge found that (1) Defendant Office of Appellate Defense is immune from

suit because, as an agency of the State of South Carolina, the Eleventh Amendment divests this court of jurisdiction over it; and (2) Defendants Ms. Clare and Mr. Stacey did not act under color of state law as required for a cause of action under 42 U.S.C. § 1983. Further, the Magistrate noted that, because Plaintiff's state conviction has not been overturned, Plaintiff's damages claim for unconstitutional conviction has not yet accrued. *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that in order to recover damages for allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus). Accordingly, pursuant to 28 U.S.C. § 1915A, the Magistrate recommended that the case be dismissed for failing to state a claim without prejudice and without issuance and service of process.[1]

## II. STANDARD OF REVIEW

### A.     The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the

---

[1] 28 U.S.C. § 1915A states,

**(a) Screening**. --The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

>   **(1)** is frivolous, malicious, or *fails to state a claim upon which relief may be granted*; or

>   **(2)** seeks monetary relief from a defendant who is immune from such relief.

court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

### B.     28 U.S.C. § 1915A – Failure to State a Claim

Dismissals under 28 U.S.C. § 1951A for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6). *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir.1999); *Davis v. District of Columbia,* 158 F.3d 1342, 1348 (D.C.Cir.1998). Under this well-known standard, the court should not dismiss a complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Roads Regional Jail,* 407 F.3d 243, 248 (4th Cir. 2005); *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). "Moreover, when such a dismissal involves a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir.1988).

### III. OBJECTIONS

Plaintiff does not object to the Magistrate's finding that the federal court has no jurisdiction to hear a case as against the South Carolina Office of Appellate Defense. Plaintiff does, however, make the following two objections to the R&R:

**(1) Plaintiff objects that the Magistrate erred in finding that Ms. Clare and Mr. Stacy did not act under color of state law.**

In order to state an action under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendants deprived him of a federal right, and (2) did so under color of law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Plaintiff asserts that because Ms. Clare's actions "assisted the state of South Carolina in foreclosing me from the access of a full appellate review," her actions were under color of state law. (Objections at 1.) This assertion is without merit. It has long been established that a public defender does not act under "color of state law," within meaning of Civil Rights Act, when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). In this case, Plaintiff alleges that Ms. Clare, Plaintiff's public appellate defender, and Mr. Stacey, the Office's Chief Attorney, inadequately represented him by failing to timely file his habeas petition. Filing a habeas petition is a lawyer's traditional function as counsel to a criminal defendant. Hence, Ms. Clare and Mr. Stacey acted as counsel to Plaintiff and were not acting under color of state law in performing this action. Accordingly, because Plaintiff failed to allege a necessary element of a § 1983 claim, the Magistrate correctly recommended that Plaintiff's claim as against Clare and Stacey should be summarily dismissed for failing to state a claim.

**(2) Plaintiff also objects that the Magistrate erred in finding that *Heck v. Humphrey* bars his damages claim.**

Plaintiff argues that a judgment in his favor "would not imply the invalidity of [his] conviction or sentence because [he's] seeking damages for counsel's ineffectiveness on an appellate review from [his] conviction, where counsel's ineffectiveness was not discovered until after the lower court's decision became final and after [he had] exhausted state remedies." (Objections at 3.) Therefore, Plaintiff reasons that *Heck v. Humphrey* does not bar his claim.

The court first notes that, regardless of whether *Heck v. Humphrey* bars Plaintiff's claim, the case is summarily dismissed because (1) Defendant the Office of Appellate Defense is immune from suit; and (2), as a matter of law, Defendants Clare and Stacey did not act under color of state law as required for a cause of action under 42 U.S.C. § 1983. That said, the court further finds that Plaintiff's second objection is without merit. An individual convicted of a crime cannot bring a civil suit challenging that conviction until and unless it is overturned. *See Heck*, 512 U.S. at 477. Plaintiff's conviction has not been "reversed by the state court, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* Therefore, this court finds that Plaintiff has failed to state a claim upon which relief can be granted. The Magistrate did not err in recommending that Plaintiff's case be summarily dismissed pursuant to 28 U.S.C. § 1915A.

## IV. CONCLUSION

For the foregoing reasons, it is therefore **ORDERED** that, adopting in full the recommendations of the Magistrate Judge, this case is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**December 21, 2005**